IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GRINNELL SELECT INSURANCE COMPANY, a corporation,** ) ) ) **Plaintiff,** ) ) ) **BRETT GLODO, JR., BRIA GLODO, TERRY L. ERNSTING and LARRY KEOWN,** ) ) ) ) ) **Defendants.** ) | No. 05-CV-4178-JLF |

## ORDER

Before the Court are motions to set aside default judgments filed by defendants Larry Keown and Terry L. Ernsting (Docs. 45 and 49). Plaintiff has filed a response (Doc. 48), and Larry Keown has filed a reply (Doc. 55).

## I.  Discussion.

On March 8, 2006, this Court entered a declaratory default judgment against Brett Glodo, Jr. and Bria Glodo for failure to appear (Doc. 44). Upon review of the pleadings, the entry of judgment with regard to the duty to indemnify was premature. *See Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152 (7th Cir. 1995) (*citing Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 607 N.E.2d 1204, 1221 (1992)). Accordingly, the default judgment entered on March 8, 2006, is **VACATED**.

Grinnell Select Insurance Company has brought a declaratory judgment action seeking a declaration that there is no duty to defend nor indemnify an underlying state court action involving an automobile accident brought against Brett and Bria Glodo, and Terry Ernsting. Specifically, Grinnell alleges that the insurance policy was issued to Terry Ernsting and that coverage is excluded because the driver, Brett Glodo, Jr., was not one of Mr. Ernsting's "family members" as defined by the policy. Grinnell also alleges that Mr. Glodo, Jr., was driving the vehicle illegally, thus, the policy excludes all coverage.

Under Illinois law, an insurer's duty to defend is broader than the duty to indemnify. *American Alliance Ins. Co. v. 1212 Restaurant Group, LLC*, 794 N.E.2d 892, 897 (Ill. App. 1st Dist.2003). If an insurer has no duty to defend, it necessarily has no duty to indemnify. *Fremont Casualty Ins. Co. v. Ace-Chi. Great Dane Corp.*, 739 N.E.2d 85, 89 (Ill. App. 1st Dist.2000). An insurer's duty to defend "is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy." *Dixon Distributing Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 398 (Ill.1994). If the complaint alleges facts that fall potentially within the policy's coverage, the insurer has a duty to defend the insured in the lawsuit. *Dixon*, 641 N.E.2d at 398.

As noted, jurisdiction over this action is based upon diversity of citizenship. Despite the presence of jurisdiction, however, a district court has discretion to decline to provide declaratory relief. *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 691 (7th Cir.1995). To decide whether to exercise jurisdiction in this case, the Court is guided by several factors that were outlined by the United States Court of Appeals for the Seventh Circuit in *Zavalis*: (1) whether the declaratory suit presents a question distinct from the issues in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplication and piecemeal litigation; and (4) whether comparable relief is available to the party seeking the declaratory judgment in another forum or at another time. *Zavalis*, 52 F.3d at 692.

Here, this declaratory lawsuit presents what appears to be a rather straight-forward coverage question, (i.e., whether the policy's family member exclusion bars coverage of Brett Glodo, Jr., as a non-family member), that is distinct from the state court issues. Second, Grinnell is not a party to the state court action, thus, the parties to the two actions are not identical. Third, moving forward with this declaratory suit will serve a useful

purpose because resolution of the coverage issue is likely to significantly impact the viability of the state court action. Fourth, although Grinnell could obtain the same relief in state court, this suit has been filed here and is already pending.

Based upon the above, it is possible to evaluate Grinnell's duty to defend without any excursion into factfinding that would interfere with the pending state court lawsuit. Accordingly, this case shall proceed initially on Grinnell's request for a declaratory judgment on its duty to defend. The request for declaratory judgment on its duty to indemnify is dismissed as premature. *See Zavalis*, 52 F.3d at 697.

## II.   Summary.

For the foregoing reasons, the default judgment entered on March 8, 2006, is **VACATED**. The motions to set aside the default judgment filed by defendants Larry Keown and Terry L. Ernsting (Docs. 45 and 49) are **MOOT.** The request for declaratory judgment on the duty to indemnify is **DISMISSED** as premature. The parties are **ORDERED** to submit a joint proposed schedule for filing dispositive motions on or before April 17, 2006.

**IT IS SO ORDERED.**   *s/ James L. Foreman*
**DATED:** April 3, 2006.          **DISTRICT JUDGE**