IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNELL SELECT INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05-4178-JLF |
| BRETT GLODO, JR., BRIA GLODO, TERRY L. ERNSTING, and LARRY KEOWN, ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for judgment on the pleadings (Doc. 59). Defendant Larry Keown has filed a response (Doc. 61). Plaintiff's motion is discussed below.

**I.  Background.**

The following facts are not in dispute. On November 21, 2004, Brett Glodo, Jr. was driving a 1999 Ford Ranger pickup truck and collided with a vehicle driven by Larry Keown. As such, Larry Keown has sued Brett Glodo, Bria Glodo, (Brett's wife), and Terry Ernsting, (Brett's father-in-law), in Jackson County Circuit Court, Illinois. The pickup truck that Brett was driving was owned by Terry Ernsting, and was insured by a policy issued by Grinnell Select Insurance Company (Grinnell). At the time of the accident, Brett was driving without a valid driver's license.

Grinnell's insurance policy contains the following exclusion:

> EXCLUSIONS
>
> A.    We do not provide liability coverage for any "insured":
>
>     8.    Using vehicle without a reasonable belief that "insured" is entitled to do so. This exclusion (A.8) does not apply to a "family member" using "your covered auto" which is owned by you.

*(Doc. 7, p. 3).*

The policy issued to Terry Ernsting also contains a definition of family member as follows:

> A person related to you by blood, marriage or adoption, who is a resident of your household.

*(Doc. 7, p. 3).*

At the time of the accident, it is undisputed that Brett was not a member of Terry Ernsting's household.

Grinnell has sued Brett Glodo, Jr., Bria Glodo, Terry Ernsting and Larry Keown for declaratory judgment. Specifically, Grinnell seeks a declaration that it has no contractual obligation to provide a defense or indemnification for any injuries or damages which Brett Glodo, Jr. caused as a result of the November 21, 2004 accident. Defendants Brett Glodo, Jr., and Bria Glodo have failed to respond to the complaint. Accordingly, default judgment has been entered against Brett and Bria Glodo, leaving Terry Ernsting and Larry Keown as the remaining defendants. (Doc. 44).

II.    **Standard.**

The standard for granting a party's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) remains the same as the standard required to grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir.1997). In applying this standard in ruling on a motion for judgment on the pleadings, the United States Court of Appeals for the Seventh Circuit has consistently held that a court must accept as true a complaint's well-pleaded factual allegations and must draw all reasonable inferences in the non-movant's favor. *See Forseth v. Village of Sussex*, 199 F.3d 363 (7th Cir.2000); *see also National Fidelity Life Ins. Co. V. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987). Resolution of the case under Rule 12(c) is appropriate only if it appears beyond doubt that the nonmoving party can plead no facts to establish a claim or defense. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989).

**III.  Discussion.**

Grinnell has moved for summary judgment on the ground that Brett Glodo, Jr. did not have a valid driver's license. Citing *Century Nat. Ins. Co. v. Tracy,* 789 N.E.2d 833 (Ill.App. 2 Dist. 2003), Grinnell argues that at the time of the accident, Brett could not have had a "reasonable belief" that he was entitled to use the vehicle and therefore liability is excluded by the policy's Exclusion A.8. listed above.

The issue before this Court is whether Brett Glodo, Jr., as an unlicensed driver, could, as a matter of law, have had a reasonable belief that he was entitled to drive the vehicle on which Grinnell issued the insurance policy, (thereby rendering Exclusion A.8. of the policy

inapplicable). Upon review, the Court finds that Grinnell is correct that the answer is no. In *Century Nat. Ins. Co. v. Tracy,* the Illinois Appellate Court held that individuals who do not have a valid driver's license cannot reasonably believe that they are entitled to use a motor vehicle in the state of Illinois. *Tracy*, 789 N.E.2d at 836.

Defendant Larry Keown argues that there is a factual dispute as to whether Brett Glodo, Jr. had a reasonable belief that he had permission to drive the vehicle. Citing cases such as *Economy Fire and Casualty Company v. Kubik*, 492 N.E. 2d 504 (Ill.App. 1 Dist. 1986), he argues that this permission is relevant to whether Brett is covered by the policy. He argues that other states have followed a "totality of the circumstances test," and that based on *Economy Fire and Casualty Company v. State Farm Mutual Insurance Company*, 505 N.E. 2d 1334 (Ill.App. 2 Dist. 1987), the legal ineligibility to drive a motor vehicle is just one factor among others to determine coverage. Defendant also argues that "reasonable belief" is not defined by the policy and that based on the permission given by his wife and or father-in-law, Brett Glodo, Jr. had a "reasonable belief" that he could drive the vehicle. Similarly, defendant argues that Illinois courts have held that a driver without a valid license is not dispositive of the issue of negligence after a car crash, so it should not be dispositive of the issue excluding insurance coverage. Finally, defendant argues that the facts of this case are distinguishable from *Tracy*, and that in any event, Illinois courts are "split" on the issue. Thus, according to defendant Keown, this Court must determine how the Illinois Supreme Court would decide the issue that is before this Court.

All of the defendant's arguments are answered by the Illinois Appellate Court's

holding in *Tracy*. Although defendant is correct that a federal court sitting in diversity must attempt to predict how the state supreme court would rule on a given issue, this is only true, however, when there are no state appellate decisions that address the issue, *or* when there are persuasive indications that the Illinois Supreme Court would rule otherwise. *See Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 925 (7th Cir.2002) (*citing Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir.1999)) ("Where the state supreme court has not ruled on an issue, *decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently*") (*emphasis added*).

Here, the Illinois Appellate Court has ruled on the issue that is before this Court in *Century Nat. Ins. Co. v. Tracy,* 789 N.E.2d 833 (Ill.App. 2 Dist. 2003). As to the state of the case law in Illinois on the issue, *Tracy* commented that:

> This is an issue of first impression in Illinois. Only three Illinois courts have interpreted the policy exclusion at issue. None has decided whether the absence of a driver's license in and of itself is enough for the exclusion to apply.

*Tracy,* 789 N.E.2d at 836 (*emphasis added*).

*Tracy* went on to note, however, that:

> Although factors such as ownership are relevant, the trial court was correct in holding that *without a valid driver's license, an individual cannot reasonably believe that he or she is entitled to use a motor vehicle in Illinois.*

*Tracy,* 789 N.E.2d at 836 (*emphasis added*).

Furthermore, *Tracy* noted that:

> Moreover, a finding in favor of defendants would violate public policy. . . . The public policy of Illinois is well known and well understood: *a driver must possess a valid driver's license to operate a motor vehicle in Illinois. 625 ILCS 5/6-101(a) (West 1994). A driver who operates a motor vehicle with a revoked or suspended license is guilty of a misdemeanor. 625 ILCS 5/6-303(a) (West 1994).* . . . Nothing in the insurance policy could overcome James's legal inability to drive. Therefore, a finding that [the unlicensed driver] reasonably believed that he could use the vehicle, even though he did not have a valid driver's license, *would violate Illinois public policy.*

*Tracy,* 789 N.E.2d at 836 (*emphasis added*).

Based on the above, the Court finds that the Illinois Appellate Court has clearly held that individuals who do not have a valid driver's license are not persons who reasonably believe that they are entitled to use a motor vehicle in the state of Illinois and are thus not covered by an insurance policy that exclude such individuals. In addition, the Court finds no persuasive indications that the Illinois Supreme Court would rule to the contrary. Accordingly, *Tracy* governs the outcome of this matter, and as an unlicensed driver, Brett Glodo, Jr., is excluded from the policy's coverage by Exclusion A.8.

Plaintiff's motion for judgment on the pleadings (Doc. 59) is **GRANTED.** Grinnell has no duty to defend Brett Glodo, Jr., in the underlying state court litigation. The question whether an insurer has a duty to indemnify is ripe only if the insured has already incurred liability in the underlying claim. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.*, 607 N.E.2d 1204 (Ill.1992). At that point, the duty to indemnify arises if the insured's activity and any resulting loss actually fall within the policy's coverage. As noted above, however, Brett Glodo, Jr., does not fall within the coverage of Grinnell's policy. Thus, Grinnell cannot

incur liability. In sum, Grinnell has no duty to indemnify Brett Glodo, Jr., should he be found liable in the underlying state court lawsuit suit.[1]

**IV.    Summary.**

Based on the above, plaintiff's motion for judgment on the pleadings (Doc. 59) is **GRANTED.**  Accordingly, this Court **DECLARES** that:

1. Grinnell Select Insurance Company has no duty to defend Brett Glodo, Jr., in the underlying state court lawsuit filed in Jackson County, Illinois, for injuries caused as a result of the accident on November 21, 2004; and

2. Grinnell Select Insurance Company has no duty to indemnify Brett Glodo, Jr. in the underlying state court lawsuit filed in Jackson County, Illinois, for injuries caused as a result of the accident on November 21, 2004.

Judgment shall be entered in favor of plaintiff and against defendants.  This action is **DISMISSED WITH PREJUDICE.**  A separate Declaratory Judgment shall accompany this Memorandum and Order.

---

[1] Citing *American Country Insurance v. Wilcoxon*, 127 Ill.2d 230 (Ill. 1989) and *State Farm Mutual Automobile Insurance Company v. Hertz Claim Management Corporation*, 789 N.E.2d 407 (Ill.App. 5 Dist. 2003), defendant argues that the "initial permission" rule applies.  This rule states that once the owner or named insured of an automobile gives permission to drive a vehicle, any person subsequently given permission to drive is covered under the policy barring theft or tortious conversion.  Upon review, the cases cited by defendant did not involve either an unlicensed driver or the exclusion at issue.  Accordingly, defendant's cases are simply inapplicable and to no avail.

**IT IS SO ORDERED.**
**DATED:**  September 12, 2006.

*s/ James L. Foreman*
**DISTRICT JUDGE**